IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE RAMIREZ GUZMAN, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY HUGEE, et al., <br><br> Defendants. | No. C 01-4704 JSW (PR) <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; INSTRUCTIONS TO CLERK** |

## INTRODUCTION

Plaintiff, a California prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. Judge Martin J. Jenkins found cognizable Plaintiff's Eighth Amendment claim against staff members of the Santa Clara County Jail, and ordered the complaint served upon them. Defendants' motion for summary judgment was granted on the grounds of a lack of physical injury, relying upon 42 U.S.C. § 1997e(e). Plaintiff appealed, and the United States Court of Appeals for the Ninth Circuit reversed because that the lack of physical injury precludes recovery for mental or emotional injuries under § 1997e(e), but it does not preclude prisoner actions altogether. The Ninth Circuit remanded with instructions for this Court to consider the remaining grounds in Defendants' motion for summary judgment. Having done so, along with Plaintiff's opposition and Defendants' reply papers, summary judgment is again GRANTED in favor of Defendants for the reasons discussed below.

**STATEMENT OF FACTS**

At approximately 10:00 a.m. on November 12, while Plaintiff was sleeping in his cell at the Santa Clara County Jail, another inmate, Curtis O'Dell, threw a plastic bag containing a liquid substance through the open tray door on the door of his cell. According to Plaintiff, some of the liquid splashed onto his face and into his mouth. He told Defendant Correctional Officer Hugee that he believed the liquid in the bag contained urine. Defendant Sergeant Yamaguchi was summoned, and Plaintiff showed him the bag. Yamaguchi smelled the bag and thought it was coffee, and he took the bag to O'Dell, who told him that the bag contained water and coffee grinds in it. Plaintiff refused Yamaguchi's order to clean up the spill in his cell, and requested that O'Dell be tested for contagious diseases and that a hazardous waste team clean up the cell. These requests were denied, as was Plaintiff's request for rubber gloves, and Plaintiff cleaned up his cell.

Plaintiff alleges that Defendant Correctional Officer Martinez later returned to the area and told Hugee that he had not opened up Plaintiff's tray slot that morning when delivering Plaintiff's newspaper.

Plaintiff alleges that he later vomited, had a sore throat and red eyes for "several days," and suffered psychological problems following the incident.

Plaintiff filed a series of grievances and sent letters to jail officials complaining of their failure to protect him from assault by another inmate, to provide medical evaluation, to provide professional cleaning of his cell, and to preserve or test the substance thrown. After Department investigation, including a test of Plaintiff's shirt, it was determined that the substance was water mixed with coffee and that Plaintiff's complaints were unfounded. Plaintiff disagrees with this conclusion. He also alleges that Hugee told him after the incident both that there was and was not urine in the bag, and that prison officials would concoct a story to "cover the incident."

2

# ANALYSIS

A.  Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and [that] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). On an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.*

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex Corp.,* 477 U.S. at 323. At summary judgment, the judge must view the evidence in the light most favorable to the nonmoving party. *Leslie v. Grupo ICA,* 198 F.3d 1152, 1158 (9th Cir. 1999).

B.  Applicable Law

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. *Id.* at

1     834.

2              A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner or by physical conditions at the prison. *Frost v. Agnos*, 152 F.3d 1124, 1128-29 (9th Cir. 1998). A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* However, an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. *Id.* at 842.

        Defendants have submitted uncontradicted evidence that Plaintiff did not face a substantial or excessive risk of serious harm. As discussed above, in order to establish deliberate indifference by the Defendants, Plaintiff must show that they knew that he faced a "substantial" or "excessive" risk of serious harm, *Farmer*, 511 U.S. at 837, 842. Defendants have submitted a declaration from Dr. Marzouk, the Chief of Infectious Diseases at a Summit Medical Center in Oakland, California, stating that even if the bag had contained 100% human urine and Plaintiff had ingested some of it in the manner that he alleges, "it is *highly unlikely* that he would contract any viral infection as a consequence" because human urine is "essentially a sterile fluid." (Decl. Marzouk, ¶¶ 1, 4-6 (emphasis in original)). A "highly unlikely" risk of harm falls far short of the "substantial" or "excessive" risk of harm required to establish an Eighth Amendment violation.

4

Plaintiff presents no evidence, outside of his own lay opinion, contradicting Dr. Marzouk's professional medical opinion as to the risk of harm from urine. A difference of opinion between a prisoner-patient and medical authorities regarding treatment insufficient, as a matter of law, to establish deliberate indifference. *See Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004). Plaintiff's lay opinion disagreeing with the opinion of Dr. Marzouk, a medical professional, does not create a genuine factual dispute as to whether his exposure to the liquid, even assuming it was urine, raised greater than a "highly unlikely" risk of harm.

In any event, even if there were evidence Plaintiff's alleged exposure to urine presented a substantial risk of serious harm, there is no evidence that any of the Defendants knew that the liquid he was exposed to was urine. Plaintiff's evidence consists of his own opinion that the liquid smelled like urine, and that inmate O'Dell boasted that there was urine in the bag. The evidence is undisputed that Defendants concluded from their investigation that the liquid contained coffee and not urine, based on the facts that O'Dell told Yamaguchi that it contained coffee, Yamaguchi thought it smelled like coffee, and testing of Plaintiff's shirt showed the liquid to be coffee. Even if the Defendants were wrong and the liquid indeed was urine, as discussed above, this would not establish deliberate indifference. In order to show deliberate indifference, Plaintiff must establish not just that he faced a substantial risk of serious harm, but that Defendants *knew* he faced the risk. *See Farmer*, 511 U.S. at 837, 842 (emphasis added). Consequently, in order to establish an Eighth Amendment violation Plaintiff would not simply have to show that the bag had urine in it, but also that Defendants knew that it was urine. *See id.* There is simply no evidence that they knew that they were wrong in concluding that the liquid contained only coffee, much less that the knew there was urine in it. To the contrary, the undisputed evidence shows that they believed, based on their investigation, that the liquid was coffee. As a result, even if urine would be substantially

5

risky to Plaintiff, there is no evidence that Defendants knew that he was exposed to urine so as to render them deliberately indifferent to his safety.

To be sure, exposure to and ingesting urine from another inmate would certainly be unpleasant and unfortunate, if that is indeed what happened to Plaintiff. There is no evidence in this case, however, that Defendants knew it was urine, or that the alleged exposure to it posed a substantial or excessive risk of serious harm to Plaintiff. Thus, there is no genuine issue of material fact as to whether Defendants were deliberately indifferent to Plaintiff's safety in violation of the Eighth Amendment, and Defendants are entitled to summary judgment on Plaintiff's claim.

## CONCLUSION

For the foregoing reasons and for good cause shown, Defendants' motion for summary judgment is GRANTED.

The Clerk shall reopen the file for purposes of entering this order, as well as judgment in favor of Defendants, and then shall close the file.

IT IS SO ORDERED.

DATED: June 30, 2011

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GUZMAN,

        Plaintiff,

  v.

HUGEE et al,

        Defendant.

Case Number: CV01-04704 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 30, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joe Ramirez Guzman
Corcoran State Prison
P-22521, 4A-3R-01 S.H.U.
P.O. Box 3476
Corcoran, CA 93212

Dated: June 30, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk